No. 25-2642, 25-2663 (consol.)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

CARLIN ANDERSON, et al.,

*Plaintiffs-Appellants,*

v.

KWAME RAOUL, in his official capacity
as Attorney General of Illinois, et al.,

*Defendants-Appellees.*

LARRY MORSE, et al.,

*Plaintiffs-Appellants,*

v.

KWAME RAOUL, in his official capacity
as Attorney General of Illinois, et al.,

*Defendant-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS (No. 23-cv-00728)
HONORABLE DAVID W. DUGAN

## PLAINTIFFS-APPELLANTS' OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE BRIEF

Stephen D. Stamboulieh
STAMBOULIEH LAW, PLLC
P.O. Box 428
Olive Branch, MS 38654
Telephone: (601) 852-3440
stephen@sdslaw.us

Alan Alexander Beck
LAW OFFICE OF ALAN BECK
2692 Harcourt Drive
San Diego, CA 92123
Telephone: (619) 905-9105
alan.alexander.beck@gmail.com

David H. Thompson
  *Counsel of Record*
Peter A. Patterson
Athanasia O. Livas
Jack Tucker
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

Plaintiffs-Appellants Theodore Ray Buck Jr., Larry Morse, Dave Clark, and Carlin Anderson hereby oppose Defendants-Appellees' fourth motion for an extension of time to file their response brief. Under this Court's rules, "[e]xtensions of time to file briefs are not favored." 7TH CIR. R. 26. And Defendants-Appellees' repeated requests for extensions, based largely on the same two deadlines that counsel faced in other matters, fail to persuade that "with due diligence, and giving priority to the preparation of the brief, it will not be possible to file the brief on time." *Id.*

Defendants-Appellees' response brief was originally due on December 3, 2025. Dkt. No. 5. Defendants-Appellees then filed two motions for 30-day extensions citing the demands of other matters on the time of counsel for Defendants-Appellees. Dkt. No. 21 at 3–4; Dkt. No. 23 at 3–4. Plaintiffs-Appellants did not oppose those first two motions, and the Court granted them. Dkt. No. 22; Dkt. No. 24.

Then, Defendants-Appellees filed a third motion for a 30-day extension again citing the demands of other matters on the time of counsel for Defendants-Appellees. Dkt. No. 25 at 4–5. Defendants-Appellees' third motion was premised largely on the same deadlines that they invoked in support of their second motion. *Compare* Dkt. No. 23 at 4 (referencing January 14 and February 9 deadlines in request for extension to February 2), *with* Dkt. No. 25 (referencing January 14 and February 9 deadlines in request for extension to March 4). This time, Plaintiffs-Appellants noted their opposition because such extension would give Defendants-Appellees a total of 120 days

1

to respond to Plaintiffs-Appellants' opening brief. The Court granted the third motion. Dkt. No. 26.

Defendants-Appellees have now filed their fourth motion for a 30-day extension and yet again cite the demands of other matters on the time of counsel as justification. Dkt. No. 27 at 4. Of note, Defendants-Appellees invoke—for the third consecutive motion—counsel's February 9, 2026, deadline as a reason to grant an extension. Although Plaintiffs-Appellants appreciate the demands of multiple contemporaneous deadlines, counsel for Defendants-Appellees first asked this Court for an extension to accommodate that deadline on December 18, 2025, Dkt. No. 23 at 4, so that deadline should not justify another extension request two months later. Defendants-Appellees also point to a brief that is due for counsel on March 9, 2026. Dkt. No. 27 at 4–5. But counsel has already received five extensions for the deadline of that brief. *Id.* In sum, counsel has known about this response brief and these other matters for months. "[D]ue diligence" and prioritization of the "preparation of the brief" require more than pushing this response brief off for months until its most convenient, especially when the conflicting deadlines were apparent months ago. 7TH CIR. R. 26.

Because Defendants-Appellees have received three extensions already and no reason other than demands on the time of counsel that were apparent months ago supports this fourth motion, Plaintiffs-Appellants respectfully request that this Court deny the motion to facilitate the expeditious resolution of this appeal.

Dated: February 18, 2026          Respectfully submitted,

Stephen D. Stamboulieh            /s/ David H. Thompson
STAMBOULIEH LAW, PLLC             David H. Thompson
P.O. Box 428                      Peter A. Patterson
Olive Branch, MS 38654            Athanasia O. Livas
Telephone: (601) 852-3440         Jack Tucker
stephen@sdslaw.us                 COOPER & KIRK, PLLC
                                  1523 New Hampshire Ave., N.W.
Alan Alexander Beck               Washington, DC 20036
LAW OFFICE OF ALAN BECK           Telephone: (202) 220-9600
2692 Harcourt Drive               Fax: (202) 220-9601
San Diego, CA 92123               dthompson@cooperkirk.com
Telephone: (619) 905-9105         ppatterson@cooperkirk.com
alan.alexander.beck@gmail.com     alivas@cooperkirk.com
*Attorneys for Plaintiffs-Appellants*  jtucker@cooperkirk.com
*Larry Morse and Theodore Ray Buck Jr.*  *Attorneys for Plaintiffs-Appellants*
                                  *Carlin Anderson and Dave Clark*

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 503 words, excluding the parts of the response exempted by FED. R. APP. P. 27(d)(2).

This response complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the typestyle requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in 14-point Garamond font, a proportionately spaced typeface, using Microsoft Word.

Dated: February 18, 2026    */s/ David H. Thompson*
David H. Thompson
*Attorney for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ David H. Thompson*
David H. Thompson

*Attorney for Plaintiffs-Appellants*
